May I please the Court, Katherine Owens for Appellant, Sophia Johnson, and I'd like to reserve three minutes for rebuttal, please. The issue raised on this appeal is very simple and straightforward, and the question is, did the District Court misapply the doctrine of equitable tolling to Sophia Johnson's claims? And the answer is yes. As we've explained in our Don't I try to read between the lines then, and don't I have to give the District Court a great deal of discretion in this? Not if the District Court made a legal error with it. I understand, but I guess, what is my standard of review for equitable tolling? The standard for review for equitable tolling is for abuse of discretion, and the Court has held that when there is a legal error or a misapplication of the law, that is an abuse of discretion. I understand that, so therefore, I have to read through what he said, the District Court. I'm glad Judge Hinderacher is here, he's one of those guys making those decisions. I have to read through that decision and try to figure out what was said there, correct? Yes, Your Honor. And you argue there's no question, well, I got the feeling that you were arguing there was no question he was suggesting, that this all started with after that your client was a U.S. citizen. Yes, Your Honor, and I'd be happy to point to the sections where he states that. Well, if he states that, then there wouldn't be any running of the statute, right? Because equitable tolling would keep him. If you got to have a passport, or you got to be a U.S. citizen, that happened on which day? June 14, 2016. Right, and you filed? May 14, 2018. So therefore, you would be within the statute, right? Yes. So if we take that interpretation, there's no abuse of discretion, you're in? Except, Your Honor, he dismissed the case nonetheless. I understand, I'm just trying to figure out, if that's the interpretation, why would he have dismissed? Because, Your Honor, if you look at his first order to dismiss the original complaint, at Excerpt of Record, page 19, he says in no uncertain terms, quote, Here, Ms. Johnson must show that equitable tolling applies from August 16, 2012 to May 14, 2018. That's the date she filed her claim. Equitable tolling pauses the statute of limitations. It stops the clock. So that meant, as Your Honor just pointed out, that she had two years from the time equitable tolling ceased to file her claim. It does not mean that she had to demonstrate that the elements of equitable tolling were established up until the date she filed her lawsuit. That's completely eviscerated. This is just math. I mean, when I read these orders, it just was very apparent to me. There were statements to the effect that equitable tolling does not apply. It's not a difficult math problem. And when I read this, it seemed apparent to me that the district judge concluded that once the immigration court dismissed those claims, and the immigration case was over, that's when the deadline started to run. That's when the claims accrued at the latest point. And then the claim was filed two years later, and that's why the judge dismissed the case. That is not what the judge said. I implore you to go back to Excerpts of Record 19 and 20 that explicitly state, quote, Because Ms. Johnson fails to demonstrate that equitable tolling applies to her claims, after June 14, 2016, the day she was issued the passport, and May 10, 2018, the day that the immigration court entered its order, the court finds that the statute of limitation bars counts one through four. And if you go before that, the court states, again, in no uncertain terms, neither the opposition or her supplemental brief offers any justification for a further delay. How do you square that with the judge dismissing the case? I mean, again, this is a math problem. And I think people make mistakes, and I think the judge just made a mistake here. So then, if there was a mistake, what is this going to appeal to? Should it just go back to the district court to correct the error that I suspect will be corrected when it goes back? I think the court should reverse the order and remand for further proceedings to correctly apply equitable tolling to her claims. Supposing that instead of being what you suggest the equitable tolling goes with, we go to the cases which say when she has a lawyer and that lawyer has been hired for her to do these claims, which was in 15, that equitable tolling starts then. There is no bright-line rule. Have you ever looked at those cases? It looks pretty bright-line to me. I did look at those cases, Johnson v. Henderson and Lorena v. U.S. Department of State, I believe, are the cases you're referencing. Right. Is that correct? If you read those cases, it's very clear that in those cases the litigant was claiming, well, you know, I didn't know what the applicable filing deadline was. You know, that's excusable neglect. Equitable tolling should apply. And the court said, hey, you had a lawyer, you had constructive notice of the filing deadline. That's not an excuse. The facts here are far more egregious. And I'd also like to point out that the Ninth Circuit has also found that ineffective assistance of counsel could also serve as a basis for equitable tolling, which would negate the notion that there's this bright-line rule. And that's Lopez v. INS 184 F3rd 1097. Did the government really argue that those cases were controlled here? Yes, the government absolutely did. Well, they argued that those cases, given those cases, it seems to be sure that that's what the district court was suggesting. But I'm not sure they argued, judge, apply those cases and you stand this case. That is not, if you go to pages 16 to 17 of the answering brief by the government, the government states, if you just give me a moment. For example, if you go at the top of page 17, I'm sorry, if you start at the bottom of page 15, the government argues, as to Johnson's allegations of false arrest and imprisonment in IIED, the district court found that those claims accrued around August 2010. But even if Johnson could establish equitable tolling after 2010, tolling ceased at the very latest once she retained counsel in 2015. The only way I can interpret that is that the government's arguing that once she got an attorney, that means tolling ceases. That's not what the law requires. Is that what the judge found? No, the judge found that tolling ceased the moment that she was in the United States without further legal disability and represented by counsel. And guess when that was? The day she got a U.S. passport. And that's further supported by the fact that the court states in no uncertain terms that she was required to show tolling after June 14, 2016, and that she had to also show tolling up until the day she filed her claim. That's absurd. That's not what tolling requires. Is it an unreasonable idea for me to say, I've read this order, Judge, I know I'm bound by what you say, and I don't know what you said, and send this back for the judge to look at this one more time based on the case law and determine this so that I know what he said because I've certainly read through his stuff and I'm not sure what he said? I think this court should reverse and remand for further proceedings so that he can apply the doctrine of equitable tolling correctly to Sophia Johnson's claims. Anything else? The government also makes an alternative argument on the discretionary function exception. The district court didn't even get there, did they? They did not. So unless this court is going to entertain that, I would submit it would be inappropriate for this panel to weigh in for the first time on appeal. Why? Because for why, we're at the motion to dismiss stage. This is a highly fact-intensive inquiry. This is an issue that the district court didn't even get to give an opinion on. It's also an issue that's, frankly, intertwined with the merits of the case and is not appropriate for dismissal at the motion to dismiss stage. I'm happy to go further into why the merits of the argument are also. No, I just wanted that on the record. Thank you. Okay. Any other questions? Thank you. Any questions? No questions. All right. Thank you. We'll close it for the government. Good morning, Your Honors, and may it please the Court. Assistant United States Attorney Christina Marquez on behalf of the United States. Ms. Johnson's entire argument on appeal is based on the misconception that the court found equitable tolling through June 14, 2016, when she received her U.S. passport in Egypt. I understand that, but the very phrases she cites and the fact that the district court went through the elements of equitable tolling in its decisions, first in the first decision, seeming to be pretty straight about what was and what wasn't, and it had all the facts outlined there, and then her statement made it look like that's what the district court was suggesting. Your Honor, so Ms. Johnson's support for her position is based on an isolated reading of the court's first order. Even if the first order was ambiguous, the court makes very clear in its subsequent order that Ms. Johnson failed to establish equitable tolling. And reading Ms. But didn't the court in its second order simply quote the language in the first order? I mean, it seemed like there was a typewriter, and they just used the typewriter to put in the same language in the second order. And therefore, it was hard for me to determine what the devil they were suggesting. So I would point the court to Excerpts of Record 7-8, which is the district court's second order dismissing a First Amendment complaint, where the court states, the court previously held that Ms. Johnson's claims are time-barred and equitable tolling does not apply. But even if the first order is ambiguous, the court... Well, I mean, the reason I say it's ambiguous is because if equitable tolling didn't apply, why go through all that language about they've made the first element of equitable tolling, they've made the second element of equitable tolling, all to say there's no equitable tolling. There's no reason to do it. So the court found that she has pursued her rights diligently up to a certain point. But construing the court's order the way Ms. Johnson wants this court to construe the order would be inconsistent with Smith v. Davis. Smith v. Davis makes it very clear that if somebody pursues their rights diligently up to a certain point, they're required to show that they pursued their rights diligently before, during, and after the existence of the extraordinary circumstance. What the court was suggesting in that after she received her passport, she was here in the United States without legal disability, is that after that... But just a minute, I can't understand where you're going. But if you get her to the point where she gets to have the timeline start when she first gets the passport, she has made the statute of limitations. The only way to stop that is to back it off until at the point where she had the lawyer in Mexico. That's the only way to stop that. I disagree, Your Honor. Okay, tell me how you'd stop it otherwise. Yes, because the way you're construing the court's order is by applying the stop time rule. You're basically saying that in June of 2016, that's when the clock started and she was automatically entitled to two years. That's not the case. This court in Smith v. Davis rejected the stop time rule and said, no, she must establish that she pursued equitable tolling after the extraordinary circumstance was removed. And that's what the court was saying when it said, once she was here in the United States, she had her passport, she had counsel. How long does she have to pursue this equitable tolling, even given your argument? If it doesn't even have to start until she gets a passport, what does she have to do after that point to make your argument? How does it destroy your argument? I don't know what you can do. That's a separate issue. Now we're talking about when the claim accrued. So we have to talk about them. They're two separate issues. So if you're saying that her claim accrued on June 14th of 2016, which the district court explicitly rejected that. The district court did not find that her claim accrued on June 4th of 2016. And so if her claim did, in fact, accrue on June 4th of 2016, yes, then she would have had two years. But the district court rejected that finding. And there is no supporting case law that Ms. Johnson has cited that would support that position. In fact, the government, in its motion to dismiss the First Amendment complaint, cited authority that suggests that you would not start the clock when somebody receives their passport. You start it at the time that the immigration proceedings were terminated. And I can point to the cases. There's Avalon v. United States. I wish the judge would have been that clear. I mean, if you didn't write the order, I know it wouldn't be the way it is. But I wish the judge were that clear because I don't get what the judge said to say what you're suggesting. The bottom line is, and in that instance, isn't it logical for me to send this back to the judge and say, okay, judge, let's redo this again. Let's see what you're really saying so I know whether to overrule you or to sustain you. I disagree. That's all she's asking, really. I disagree, Your Honor. I think the court's order was very clear. The court's second order states four separate times that Ms. Johnson did not establish equitable tolling. The court also cites the hauling, which was. If you're correct and we send it back to the district court, can't the district court just tell us that and make it more clear? And what's the harm in that? I think there is a harm in terms of the finality, the whole point of statute of limitations and the issues here that are presented, is that there should be finality to this case. I think the court's order you would. Finality can happen after a D.J. tells me what the devil he was really saying. Again, Your Honor, I believe that the court's order was very. What if I read this order and I say you're absolutely wrong? This is going to happen when the defendant argues it. As the defendant argues it, and I'm going to grant that these are timely filed. What would you do then? That's good finality, but the government loses. In this particular case, the court's orders were very clear, and they were in construing it in the way that Ms. Johnson wants it construed is inconsistent with this court's precedent in Smith v. Davis. The court's order needs to be construed consistent with its own precedent, and in doing so would find that the district court did not find that she pursued her rights diligently after she was here without legal disability, and because she did not do so, she did not establish equitable tolling and therefore her claim to her time bar. Do you argue any place in your brief, and do you argue here today, that we have circuit precedent suggesting absolutely when she went to see that lawyer in Mexico in 2015, we start the equitable tolling at that point? So the authority that the government cited had to do with when she retained counsel, that tolling ceased. That was a factor to be considered. Smith v. Davis does make it very clear that you must look at all the circumstances, and that's where then the court points to the fact that she did not pursue her rights diligently after she was here in the United States, had her passport, and was free of legal disability. Smith v. Davis makes it very clear that you must show reasonable diligence up until the point of filing. She did not do that, and because of that, her claims are time barred. Do you have any other questions, Judge? Do you have any questions, Judge Gould? Do you have anything further to give us elsewhere? I don't want to stop you. Just briefly, Your Honor. Again, independently, even if this court were to find that her claims were that she did establish equitable tolling or that her claims were not time barred, the claims independently flail on the discretionary function exception. And you, of course, agree that the district court never got to that, and don't you think that is an issue best done in the district court? I mean, I agree with what counsel said about that. I mean, there's so many fact situations involved in that. I don't think the circuit court's the place to start that. The record, I think, includes all of the documents that would support a finding of discretionary function, and this court in Ortega Ruiz has already held that negligence investigations with respect to citizenship are protected by the discretionary function exception. Counsel, Judge Gould, if I could ask a question. Don't we have circuit precedent saying that we will normally not address an issue that wasn't addressed by the district court? So in the government's answering brief, we did cite to authority that indicates that if the issue was raised at the district court, the circuit court can consider the arguments that were raised at the district court level for the first time on appeal. We can? Yes. I understand your case law. I don't think you need to. Okay. Anything else? Nothing further. Judge Gould, any further questions? Yeah, I thought that we had authority saying that if an issue wasn't covered in the opening brief and they'd gone, it would be waived. So, Your Honor, we were in the answering brief. Ms. Johnson, of course, didn't raise the issue of discretionary function in her opening brief, but because the government didn't raise it at the district court level, we raised it again in our answering brief and asked the court to consider it. That was your first briefing, right? That's correct. Okay, thank you. Thank you. Thank you so much. Do you have any further argument? You've got some time if you want to. Yes, Your Honor, just a few points. I know there was some discussion with the government about, you know, what does equitable tolling require, and I just want to remind the court on page 18 of our opening brief, we cite a Ninth Circuit case that pretty explicitly explains what equitable tolling is, which is equitable tolling pauses the running of or tolls a statute of limitations when a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action. That's what equitable tolling requires. And I know the government points to Smith v. Davis, which was also cited by appellant on page 11 of the reply brief, but if you look at that case, the court was explaining that equitable tolling is a flexible doctrine. It's meant to be applied in a case-by-case basis, and that you're supposed to look at all the circumstances. Putting that aside, I also want to point out that the government also made some argument about when the claims accrued in the first instance. That's not an issue before this court. And finally, I just want to state that, you know, it's our position that, as Your Honor pointed out, that it seems pretty clear the court did find that the elements of equitable tolling were established up to a certain point. And to the extent this panel believes the order is unclear, we submit that the case should be remanded and that the court basically apply equitable tolling consistent with what this court dictates. Thank you. Thank you. Appreciate your argument. Case 23-55-210, Johnson v. The United States, is submitted. The counsel very much appreciates your argument, both of you. Thank you very much.
judges: GOULD, SMITH, UNKNOWN